# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 27, 2020

```
* * * * * * * * * * * * * * * * *
DANIEL RAMOS, as parent of his      *      UNPUBLISHED
minor child, A.R., deceased,        *
                                    *      No. 18-256V
           Petitioner,              *
v.                                  *      Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *      Petitioner's Motion for Decision Dismissing
AND HUMAN SERVICES,                 *      His Petition; Diphtheria-Tetanus-acellular
                                    *      Pertussis ("DTaP") Vaccine; Pneumococcal
           Respondent.              *      Conjugate ("PCV"); Haemophilus
                                    *      Influenzae Type b ("Hib"); Death.
* * * * * * * * * * * * * * * * *
```

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioner.
Darryl Wishard, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 20, 2018, Daniel Ramos ("petitioner"), as parent of his minor child, A.R., filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that A.R. died as a result of a Diphtheria-Tetanus-acellular Pertussis ("DTaP"), pneumococcal conjugate ("PCV"), and haemophilus influenzae type b ("Hib") vaccinations administered on February 17, 2016. Petition at 1; Respondent's Report at 1. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On November 7, 2019, the Federal Circuit did not find preponderant evidence that petitioner had presented a "sound and reliable" medical theory that vaccines were like infections so as to implicate the Triple Risk Model of causation applicable to SIDS. Boatman v. Sec'y of Health & Human Servs., 941 F.3d 1351, 1360-63 (Fed. Cir. 2019). On January 31, 2020, petitioner filed a status report indicating that "[a]fter considerable thought, [p]etitioner has decided to move to conclude his case in light of the Federal Circuit's decision *Boatmon*." ECF No. 39.

On February 26, 2020, petitioner moved for a decision dismissing his case, stating that "[a]n investigation of the facts and science supporting has demonstrated to the [p]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program," and thus, "to proceed any further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program." Petitioner's Motion for Decision Dismissing his Petition at ¶¶ 1-2. Petitioner states that he understands that a decision by the Special Master will result in a judgment against him, and that he has been advised that such a judgment will end all of his rights under the Vaccine Act. Id. at ¶ 3. Petitioner states that he understands that he may apply for costs once his case is dismissed and judgment is entered against him and that respondent expressly reserves the right to question good faith and reasonable basis of his claim and oppose his application for cost if appropriate. Id. at ¶ 4. Additionally, Petitioner intends to protect his right to file a civil action, and pursuant to the Act, he intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action. Id. at ¶ 5.

To receive compensation under the Program, petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). The records submitted by petitioner show that he does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                          **s/Nora Beth Dorsey**
                                          Nora Beth Dorsey
                                          Special Master