# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: November 30, 2020)

```
* * * * * * * * * * * * *
DANIEL RAMOS, parent of his minor    *
child, A.R., deceased                *
                                     *    UNPUBLISHED
                                     *    No. 18-256V
            Petitioner,              *
                                     *    Special Master Dorsey
v.                                   *
                                     *    Attorneys' Fees and Costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
* * * * * * * * * * * * *
```

Renee J. Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, D.C., for petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 20, 2018, Daniel Ramos ("petitioner"), as parent of his minor child, A.R., filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that A.R. died as a result of a Diphtheria-Tetanus-acellular Pertussis ("DTaP"), pneumococcal conjugate ("PCV"), and haemophilus influenzae type b ("Hib") vaccinations administered on February 17, 2016. Petition at 1; Respondent's Report at 1. On February 27, 2020, petitioner filed a motion to dismiss stating he would be unable to prove he is eligible for compensation in the Vaccine Program. The undersigned filed her decision that same day, dismissing petitioner's motion. (ECF No. 42).

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

On July 15, 2020, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 47). Petitioner requests total compensation in the amount of $24,593.60. This represents $22,568.40 in attorneys' fees and in costs incurred by The Law Firm of Renee Gentry[2] and $2,025.20 in fees and costs incurred by The GW Law School Vaccine Injury Litigation Clinic. Id. at 2. Pursuant to General Order No. 9, petitioner filed a signed statement indicating he incurred personal costs in the amount of $709.69. (ECF No. 47-1). Respondent filed his response on July 27, 2020, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 48). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $24,593.60.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt the petition was brought in good faith, and the case had a reasonable basis to proceed for as long as it did. Respondent also has not challenged the good faith or reasonable basis of the petition. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

---

[2] Formally known as Shoemaker, Gentry & Knickelbein.

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

Petitioner requests rates for counsel, Ms. Renee J. Gentry the rates of $435 for time billed in 2019; $445 for time billed in 2019 and $464 for time billed in 2020. For prior counsel, Mr. Clifford Shoemaker, petitioner requests the rates of $450 per hour for 2018 and $460 for 2019. (Fees App. At 10-11). The requested rates are consistent with what Ms. Gentry and Mr. Shoemaker have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for the work in this case.

### ii.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $22,767.70.

### b.  Attorneys' Costs

Petitioner requests a total of $1,825.90 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee and medical records. (ECF No. 47 at 1). Petitioner has provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience.

### II.   Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned finds that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

- **A lump sum of $22,568.40, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and The Law Firm of Renee Gentry;**

- **A lump sum of $2,025.20, representing reimbursement of for attorneys' fees and costs, in the form of a check payable jointly to petitioner and The GW Law School Vaccine Injury Litigation Clinic; and**

- **A lump sum of $709.69, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).